Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 3204 | **DATE** | July 3, 2001 |
| **CASE TITLE** | United States ex rel. Kevin Williams v. Cowan | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Williams *pro se* motion for reconsideration [ ] is denied. See attached for details. [37-1, 2] |
| (11) | x | [For further detail see order (on reverse side of/attached to) the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| x | Notices faxed/mailed by judge's staff. | | JUL 12 2001 date docketed | |
| | Notified counsel by telephone. | | | 39 |
| | Docketing to mail notices. | FILED FOR DOCKETING | docketing deputy initials | |
| | Mail AO 450 form. | 01 JUL 11 PM 3:49 | 10/12/99 | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office (Reserved for use by the Court) | KAM mailing deputy initials | |

98-3204.012-JCD

July 3, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA )
ex rel. KEVIN WILLIAMS, )
                               )
        Petitioner, )
                               )
    v.                        )    No. 98 C 3204
                               )
ROGER COWAN, Warden, )
Menard Correctional Center, )
                               )
        Respondent. )

DOCKETED JUL 1 2 2001

## MEMORANDUM OPINION

Before the court is Kevin Williams's pro se motion for reconsideration regarding our dismissal of his petition for a writ of habeas corpus. For the reasons stated herein, the motion is denied.

Williams is attempting to challenge his conviction and sentence pursuant to 28 U.S.C. § 2254. On October 25, 1991, following a bench trial in the Circuit Court of Cook County, Williams was convicted of first degree murder, attempted murder, aggravated battery with a firearm, aggravated battery, aggravated discharge of a firearm, and aggravated unlawful restraint. He was sentenced to life imprisonment for murder with concurrent terms of 30 years and 10 years for the lesser offenses. The Illinois Appellate Court affirmed Williams's conviction and sentence, People v. Williams, 262 Ill. App. 3d 808, 635 N.E.2d 653 (1st Dist. 1994),

and the Illinois Supreme Court denied Williams's petition for leave to appeal, 157 Ill. 2d 520, 642 N.E.2d 1300 (Ill. 1994).

On May 15, 1998, Williams filed a pro se petition for a writ of habeas corpus, setting forth numerous grounds for relief. On July 26, 2000, Williams amended his petition.[1] On May 29, 2001, we dismissed the petition for various reasons. Among other things, we held that Williams procedurally defaulted his ineffective assistance of counsel claim. Procedural default precludes review by this court unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). The "fundamental miscarriage of justice" pathway to substantive habeas review is limited to the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 321 (1995).

Williams acknowledged in his petition that he did not properly raise the bases for his ineffective assistance claim in state court, but attempted to show cause for this failure by arguing that post-conviction counsel rendered him ineffective assistance. We rejected this argument because "[i]neffective assistance of

---

[1] Williams contends in his motion that this court, in denying his petition, did not address issues raised in his amendment to his petition. This argument is without merit. We considered all of the arguments raised by Williams in his petition and in his amendment to the petition.

postconviction counsel is not itself a cognizable federal constitutional violation and may not serve as cause for a procedural default." See Steward v. Gilmore, 80 F.3d 1205, 1212 (7th Cir. 1996). The reason for this rule is that there is no constitutional entitlement to effective assistance of counsel during the state post-conviction process. See Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995).

It is somewhat difficult to understand the basis for the present motion, but it appears that Williams is attempting to further demonstrate cause for his procedural default. He states the following:

> I have allowed others to file my pleadings on appeal and that has been fatal to this point and I feel that my idea of what should be pleaded has been over look, which has caused me to have to go through this. . . . I will attach a letter from the person who assisted me on my petition for postconviction relief. I have allowed myself to believe what people who was helping me with my case say, because I lack knowledge of the law and I feel that I was used.

Motion at 2. Williams attaches to his motion an undated letter stating "Re: Post Conviction Appeal" and signed "Lexy, your Legal Advocate." The letter contains advice, apparently from another inmate, regarding filings in the state appellate court. We infer that the letter is meant as an example of the type of assistance Williams received from the individuals he references. Although Williams does not state directly that he received poor advice from these individuals, he implies that this was the case.

- 4 -

Even assuming that the persons helping Williams gave him poor advice regarding his post-conviction appeal, this does not establish cause for his procedural default. Just as ineffective assistance of postconviction <u>counsel</u> is not itself a cognizable federal constitutional violation and may not serve as cause for a procedural default, neither is ineffective assistance of a non-lawyer or an inmate law clerk. <u>See</u> <u>Whiddon v. Dugger</u>, 894 F.2d 1266, 1267 (11th Cir. 1990) (holding that poor legal advice from an inmate law clerk did not constitute "cause" for purposes of procedural default); <u>see also</u> <u>United States v. Taylor</u>, Nos. 73 CR 267 & 95 C 2061, 1997 WL 208430, at *4 (N.D. Ill. Apr. 21, 1997) (Grady, J.) (holding that the assertion that the penitentiary law clerk who assisted petitioner was "untrained" and "unsupervised" was insufficient to establish "cause"). And again, Williams fails to establish a "fundamental miscarriage of justice" that would permit him to avoid showing cause and prejudice, <u>i.e.</u>, that he was actually innocent of the crimes.

Williams asserts that <u>Roberts v. Sutton</u>, 217 F.3d 1337 (11th Cir. 2000), supports his motion for reconsideration. However, <u>Roberts</u> is inapposite because the court found there that "cause" existed because of a possible clerical error that was no fault of the petitioner's, resulting in the failure of the transmittal of the proper record on appeal. <u>See</u> 217 F.3d at 1340-41. No such circumstances exist here.

Williams's motion for reconsideration is denied.

DATE: July 3, 2001

ENTER:

John F. Grady, United States District Judge